MIRIAM KINCAID MAUNEY v. BILL JENNINGS MAUNEY

No. 7127DC321

(Filed 18 August 1971)

Divorce and Alimony § 18— denial of alimony pendente lite — temporary child support and maintenance of home

In the wife's action for permanent alimony, possession of the residence and child custody and support, the trial court did not err in the entry of a temporary order that failed to give the wife alimony *pendente lite* which she sought but which did provide for support of the two infant daughters who resided with the wife, gave them possession of the home, and provided for maintenance of the home.

APPEAL by defendant from *Mull, District Judge,* 15 January 1971 Session of GASTON County, The General Court of Justice, District Court Division.

This action was instituted for alimony *pendente lite,* permanent alimony, child support, exclusive possession of the residence, custody of three minor children and attorney's fees. From an order entered on 15 January 1971, the defendant appealed.

*Childers & Fowler by Max L. Childers for plaintiff appellee.*

*Anne M. Lamm; Basil L. Whitener for defendant appellant.*

CAMPBELL, Judge.

The order appealed from was a temporary order entered during and pending the litigation. Both parties were represented

by counsel and presented their respective evidence before the judge. In such a proceeding the judge was authorized (under North Carolina General Statutes 50-13.1, *et seq.*) to make findings of fact, and such findings of fact are binding if supported by competent evidence. The trial judge found "that the defendant is an able-bodied man who is gainfully employed and who is able to pay the amounts and do the things hereinafter set forth." There was competent evidence to support this finding. The trial judge further found that the infant son of the parties was at that time in the custody of his father, the defendant, and that the defendant "is a fit and proper person to have the custody" of the said son; that the two infant daughters of the parties were at that time in the custody of the plaintiff mother and that she "is a fit and proper person to have the custody" of the said daughters; that due to specific acts of the defendant set forth in the order, plaintiff-wife's "condition became intolerable and her life was made burdensome on account of the indignities offered by the defendant"; and that the parties jointly owned a dwelling house and said home was at that time being occupied by the plaintiff and the two minor daughters. All of these findings of fact were supported by competent evidence.

Based upon these findings of fact, the trial judge entered an order which maintained the status quo pending the ultimate disposition of the case. This order did not give the plaintiff alimony *pendente lite* which she sought but did provide for support of the two infant daughters who were living with the plaintiff-wife and provided for the maintenance of the home in which they were living and gave the plaintiff-wife and the two infant daughters the possession of the home. This disposition of the case pending the litigation was supported by the facts found by the trial judge, and no abuse of the authority vested in the trial judge in such a proceeding has been adduced by the defendant appellant. In the absence of prejudicial error we find that the order entered by the trial judge should be and is

Affirmed.

Chief Judge MALLARD and Judge HEDRICK concur.